### W. A. Johnson v. The State.

No. 11185.  Delivered December 14, 1927.

Rehearing denied January 18, 1928.

**1.—Possessing Still, Etc.—Continuance—Properly Refused.**

Where appellant made no application for subpoenaes for witnesses until several months after indictment returned, and some of his subpoenaes were returned, not served, four days before the trial, but no further diligence was used to secure the attendance of such witnesses, sufficient diligence was not shown, and there was no error in refusing him a continuance.

##### ON REHEARING.

**2.—Same—Province of Jury—Rule Stated.**

Where appellant was found in possession of a complete still, together with 150 or 200 gallons of mash, his statement that he possessed same solely for the purpose of manufacturing whiskey for medicinal purposes, for his own use, the jury were not bound to accept his statement. The jury are the exclusive judges of the facts proven and of the weight to be given to the testimony, and where there is testimony direct and positive in the record, as appears here, we are not at liberty to set aside the verdict based thereon.

Appeal from the District Court of Hansford County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for possessing a still, etc., for the purpose of manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Wakeman & Swearinger* of Texhoma, Okla., for appellant.

*A. A. Dawson*, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is the possession of a still for manufacturing intoxicating liquor, the punishment confinement in the penitentiary for three years.

Operating under a search warrant, officers discovered in a dugout in a barn a still, stove and six barrels containing about 150 or 200 gallons of mash and some sugar. At the time the officers went to the place where the search was made, appellant was near the barn working on a truck. Appellant told the officers the still and mash belonged to him and directed them to the place where it was concealed. Officers destroyed most of the mash. Appellant demurred to their action, and stated that he needed it for medicine. Testifying in his own behalf, appellant admitted that he owned the still and mash and declared that he was preparing to manufacture whiskey for medicinal purposes. He stated that he had been in ill health for a number of years, due to asthma, and that whiskey taken as a medicine had been beneficial to him. Other witnesses testified that appellant had suffered from asthma for many years and that he had used whiskey when he was suffering from the ill effects of the disease. Appellant stated that he brought no doctor to testify in his behalf for the reason that the only doctor he had had for several years was Dr. Lamar, who had been dead for a year or two.

The indictment was returned on the 20th day of October, 1926. The record does not disclose when appellant was arrested. The trial was had on the 23rd of March, 1927, approximately five months after the indictment was returned. When the case was called for trial on the 23rd of March, appellant filed his first application for a continuance. The application was based on the absence of James Layton, alleged to reside in Sherman County, Texas, but who, as was stated in the application, was in Texas County, Oklahoma, at the time of the trial; Fred Hodges, I. T. Mathis and C. B. Dodson, who were alleged to reside in Texhoma, Texas County, Oklahoma; and George

Arnold, whose address was alleged to be unknown to appellant. It is shown by the application that, on the 9th of March, 1927, appellant caused the clerk to issue and forward a subpoena by mail to the sheriff of Sherman County, Texas, for the witnesses Layton, Hodges, Arnold and Dodson. Said subpoena was returned by said sheriff on the 19th day of March, 1927, four days before the trial, showing that it had been served on C. B. Dodson and Fred Hodges; that it had not been executed as to George Arnold and James Layton for the reason that Arnold was in Panhandle, Texas, and that Layton was in the state of Oklahoma.

By bill of exception No. 1, appellant complains of the action of the trial court in overruling his said application for a continuance. The burden was upon appellant to show the exercise of diligence in support of his application. We are of the opinion that the facts hereinbefore stated conclusively show a lack of diligence on the part of appellant. He waited several months after the indictment was returned before he applied for process for the absent witnesses. About nine days before the case was called for trial he issued a subpoena for four of the witnesses, which was returned by the sheriff approximately four days before the trial. The sheriff's return showed that one of the witnesses not served was in Panhandle, Texas, and, although appellant contended that the witness was material, he made no effort, during the four days that intervened between the return of the subpoena and the trial, to issue additional process for the witness. The two witnesses served lived in Oklahoma, and no effort is shown to have been made to take their depositions.

We have carefully examined all matters complained of by appellant, and find no reversible error.

The judgment is affirmed.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant makes the single point in his motion and argument in support thereof that the evidence was insufficient to support the verdict.

This court has often said that the jury are not compelled to accept as true any statements made by the accused, he manifestly being interested in the outcome of the case, and being affected by that most potent influence, viz., self-interest,

in making his statements. One of the substantial arguments in favor of the retention of the jury system is that men who are just ordinary citizens, of like passions of the accused and supposed to review the weight of his testimony fairly and impartially, are thus called on to pass both on the weight of the testimony and the credibility of the witnesses. This jury may have believed it incredible that the accused would have the quantity of mash and paraphernalia found in his possession, for the sole purpose of making whiskey for the personal use of the accused. They are not in any wise bound to accept his claim that he was making whiskey for medicine. Several witnesses testified that they examined the coil, barrels, still, etc., found in his possession, and that it was equipment by the use of which intoxicating liquor could be made. Where there is testimony direct and positive in the record such as appears here, we are not at liberty to set aside the verdict based thereon, on the ground that it has no sufficient support.

The motion for rehearing will be overruled.

*Overruled.*